UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 2:14-CV-270-FtM-PAM-MRM

ALEKSANDER STEPANOVICH, MONIKA
MOZOLICOVA, and IVANA KAVAJA,

        Plaintiffs,

vs.

CITY OF NAPLES, FLORIDA; OFFICER
KYLE BRADSHAW;

        Defendants.

_____/

**DEFENDANT KYLE BRADSHAW'S, RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR RELIEF FROM JUDGMENT AND MEMORANDUM OF LAW**

Defendant, KYLE BRADSHAW ("Bradshaw"), by and through his undersigned counsel, hereby files his Response in Opposition to Plaintiffs, ALEKSANDER STEPANOVICH ("Stepanovich"), MONIKA MOZOLICOVA ("Mozolicova"), and IVANA KAVAJA'S ("Kavaja"), Motion for Relief from Judgment (D.E. 380) and in support thereof states as follows:

**I.      INTRODUCTION**

Plaintiffs are not entitled to relief, pursuant to Rule 60(b)(3), *Fed. R. Civ. P*,. from the final judgment entered against them on February 21, 2017, because there was no fraud on the Court.  Plaintiffs cannot show, by clear and convincing evidence, that Bradshaw gave fraudulent testimony because his testimony was truthful and consistent with his prior deposition testimony. Further, any allegations of fraud are immaterial since Plaintiffs were afforded a full and fair opportunity to present testimony and evidence on the subject of Bradshaw's testimony at trial.

**II.      ARGUMENT & MEMORANDUM OF LAW**

**a.  Standard for Motion for Relief From Judgment for Fraud**

Rule 60(b)(3) *Fed. R. Civ. P.* allows a party to seek relief from a final judgment for fraud on the court by an opposing party. Alleged inconsistencies with prior depositions, or credibility issues, are not enough to show that there was a scheme to defraud or commit misconduct on the Court. As noted in *Cox Nuclear Pharm., Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007):

> To prevail on a 60(b)(3) motion, the movant must "prove[ ] by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Id*. (citations omitted); *see also Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir.1987) ("Where relief from a judgment is sought for fraud on the court, the fraud must be established by clear and convincing evidence."). Additionally, "the moving party must [ ] show that the conduct prevented the losing party from fully and fairly presenting his case or defense." *Frederick*, 205 F.3d at 1287 (citations omitted).

In *Cox*, the claim was that documents received after judgment was entered were fraudulently withheld and thus deprived Cox of fully presenting its claim in opposition to the defendant's motion for summary judgment that was granted. *Id*. at 1314. The Court found that this was not the case and affirmed the denial of the Rule 60(b)(3) motion. *Id*. at 1316. Here, there is no claim of fraudulently withheld documents; Plaintiff clearly had the deposition testimony of Bradshaw taken in the criminal case and the civil case, and fully used the testimony in an attempt to impeach Bradshaw's testimony at trial. *E.g.* (D.E. 347 at 22:23-27:2); (D.E. 371 at 5:4-16:17); (D.E. 374 at 70:5-72:8).

Moreover, the Court should not overturn a jury's verdict based on credibility and factual issues, even when there are allegations of perjury. *Jacobs v. Gielow*, 640 Fed. Appx. 845, 848 (11th Cir. 2015)(holding that a jury verdict because "the claim that [the defendant officers] committed perjury while testifying is left for the jury's consideration.") The credibility of a witness, including inconsistencies in testimony, is the province of the factfinder. *Terrell v. OTS Inc.*, 2011 WL 2619080, at *3 (N.D. Ga. 2011), aff'd, 470 Fed. Appx. 845 (11th Cir. 2012)(citing *Crystal Ent. & Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1320 (11th Cir. 2011)).

2

In *Armstrong v. The Cadle Co.*, 239 F.R.D. 688, 695 (S.D. Fla. 2007), the claim of perjury of a witness was based on the trial testimony of Plaintiff being contradicted by deposition testimony and answers to interrogatory answers in a related state court case. However, the Court found that where the alleged inconsistent statement were in the possession of the party seeking relief and could have been used at the trial (which the movant failed to do in this case), then he is not entitled to relief because he was not denied a full and fair opportunity to try the case. Indeed, the defense recap of the testimony was outlined in Bradshaw's response to Plaintiff's Motion for Partial Summary Judgment filed more than three months before trial. (D.E. 228). Therein, it was stated:

> Plaintiffs assert that "Bradshaw reached into the home, grabbed Miric by the hand inside the house, and pulled her outside." D.E. 221, p. 2. However, Bradshaw testified that Miric was standing in the doorframe slightly outside of the unit and used her arms to push Bradshaw to prevent him from effectuating an arrest on Mozolicova. D.E. 221-8 at [34:13-15]; [39:17-18]; [74:17-18]; [77:24-25]; [90:24-91:6]; [119:25-120:4]. There is also record evidence that Mozolicova exited the unit and attempted to pull Miric back inside the unit to prevent Bradshaw and Harp from effectuating Miric's arrest. *Id.* at [65:21-24]; [107:7-22]; D.E. 221-10 at [58:5-8]. ***Bradshaw attempted to effectuate an arrest of Mozolicova while she was outside of the unit and Mozolicova struck Bradshaw, pulled away, and went back inside the unit. D.E. 221-8 at [107:2-22].*** As a result of Mozolicova's obstruction of Miric's arrest, her physical aggressiveness towards the officers, and resisting arrest, ***Bradshaw entered the unit in fresh pursuit of Mozolicova. Id.*** at [106:16-107:22]; *See* D.E. 221-7 at [112:9-25].

Clearly, Plaintiffs possessed Bradshaw's testimony before trial and forcefully used it at trial. It was up to the jury to decide whether it was credible and material, and whether Bradshaw was "lying." Their verdict found that he was not.

In *Harduvel v. Gen. Dynamics Corp.*, 801 F. Supp. 597, 612 (M.D. Fla. 1992), a Rule 60(b) motion claimed, *inter alia,* that the summary judgment against the movant should be set aside because of claimed perjury of trial witnesses under Rule 60(b)(3). However, the claim was based on documents received ***post trial*** showing different information than was testified to by the

Defendant's witnesses.   As the court noted, "testimonial error is not necessarily tantamount to testimonial misconduct."   *Id.*   The court found that even if the witness was mistaken, it did not deprive Plaintiff of a full and fair opportunity to present her case.   *Id.*   Here, there is no subsequent discovery of testimony; Plaintiff had the testimony well in advance of trial and thoroughly used it at trial.   Thus, there is no basis in Rule 60(b)(3) to set aside the judgment.

In the opening paragraph of the Motion, Plaintiffs claim that there has been a "fraud upon the Court."   However, there is no substantive part of the motion that describes such a contention. Although Rule 60(b)(6) *Fed. R. Civ. P.* does provide for relief if fraud is proven, this section is viewed as a "catch all" basis if there is no basis claimed under any of the previous five subparagraphs.   If there is a claim under one or more of the previous subparagraphs, then there can be no relief sought under subparagraph 6.   *See U.S. v. Real Property & Residence*, 920 F.2d 788, 791 (11th Cir. 1991).

### b.  Bradshaw Did not Commit Perjury

The only basis for the relief requested here is the argument that Bradshaw committed perjury by providing testimony that conflicted with prior sworn testimony with respect to the arrest and pursuit of Mozlicova.   However, the argument is unsupported by the facts.   Bradshaw testified in his criminal case deposition that Mozolicova came outside and used violence to resist arrest.   (D.E. 367 at 23:25-24:25).   At trial, Bradshaw testified consistent with this testimony. Bradshaw never "changed his story" or gave false testimony.   Plaintiffs are attempting to mischaracterize Bradshaw's testimony to suit their case, and in doing so are ignoring the deposition testimony provided by Bradshaw that does not fit with their theory and argument.

Plaintiffs argument that Bradshaw's prior testimony reflected that he tried to reach in and take Mozolicova into custody, and that this testimony contradicts his trial testimony that

Mozolicova went outside, misrepresents Bradshaw's testimony.  Bradshaw testified at trial that he did start to move toward Mozolicova to try and take her into custody, but before he could complete that action, Ms. Miric stopped him.  (D.E. 347 at 21:1-9; 75:20-76:22).  Bradshaw never made it into the apartment before Ms. Miric struck him outside.  (D.E. 347 at 21:1-9; 75:20-76:22).  Bradshaw's testimony that he tried to take Mozolicova into custody was consistent with his prior deposition testimony.  Plaintiffs' attempt to twist that testimony to make it appear that he was able to grab her in the apartment misrepresents actual facts since it did not happen due to the intervening actions of Ms. Miric.

Bradshaw was consistent with his testimony as to the location of Ms. Miric, as well.[1]  At trial, Bradshaw was asked where Ms. Miric was when she was taken into custody, and Bradshaw testified that she was outside when taken into custody.  (D.E. 347 at 24:23-25).  Plaintiffs incorrectly attempt to use deposition testimony about where Ms. Miric was standing before she was taken into custody to make it seem like Bradshaw changed his story, which he did not.  (D.E. 347 at 25:5-10).  Bradshaw, consistent with his prior testimony, testified at trial that Ms. Miric was standing in the doorframe area before she came out, struck him, and was taken into custody.  (D.E. 347 at 76:6-22).

Bradshaw's counsel provided an opening statement consistent with what the anticipated or expected testimony would be.  (D.E. 381 at 30:12-18).  There was no quote of testimony.  It is axiomatic that opening statements, like closing statements, are not evidence.  In fact, it is Plaintiffs' counsel who appears to be trying to "change the story" and present a version of the facts that ignores or misconstrues Bradshaw's deposition testimony.  Plaintiffs have not proved any perjury by Bradshaw, much less proven it by clear and convincing evidence, thus the motion

---

[1]    Once again, Miric is not a party to this action, thus the details of her arrest are not particularly material or relevant to  the jury decision here.

should be denied.

### c.   Plaintiffs Did Fully and Fairly Present Their Case

Any alleged inconsistency in Bradshaw's testimony did not deprive Plaintiffs of a full and fair opportunity to present their case at trial.  Indeed, the central feature of their claim was to claim that Bradshaw was a liar who could not be believed and thus, there was no defense to the Plaintiff's claims. *E.g.* (D.E. 374 at 13:4-18).  Plaintiffs were fully aware of Bradshaw's prior deposition testimony, and were fully aware that it was Bradshaw's testimony that Mozolicova was outside the apartment at the time she resisted arrest with violence.  As noted previously, the testimony was highlighted in a court filing more than three months before trial.  (D.E. 228). Plaintiffs' argument that they did not know that Bradshaw would provide this testimony at trial is risible.

Nor is it factual that Plaintiffs did not have the opportunity to fully and fairly present their case.  They were allowed more than a full and fair opportunity to attempt to impeach the testimony. They called Bradshaw as an adverse witness in their case. Numerous video clips from Bradshaw's civil deposition were played during their examination as an attempt to impeach his testimony. Non-cumulative parts of the deposition were played in rebuttal.

Plaintiffs' argument that the Court required them to call Bradshaw as an adverse witness before they could use portions of Bradshaw's deposition testimony is simply an argument against established trial procedures to which they did not agree, and does not constitute creation of a "fraud on the court."  This issue was discussed prior to trial and decided by the Court in a written order entered on January 26, 2017. (D.E. 305).  None of the cases cited decree that the trial court's procedural rulings can be seen as assisting a "commission of perjury."  Calling Bradshaw as an adverse witness allowed Plaintiffs to ask leading questions and then attempt to impeach

him with alleged prior inconsistent statements given under oath. Plaintiffs inconsistently claim that they did not want to call Bradshaw as a witness because they did not want to present his alleged perjured testimony in their case, but later argued that "they effectively needed to first present the Defendant's case." (D.E. 380 at 7). In essence, they just wanted to have two opportunities to cross examine Bradshaw before the jury, which the Court properly denied. DE 305.

The testimony that they wished to present to the jury was indeed received by the jury during their case in chief, in rebuttal, and commented on in closing. *E.g.* (D.E. 347 at 22:23-27:2); (D.E. 371 at 5:4-16:17); (D.E. 374 at 70:5-72:8). Plaintiffs do not proffer any testimony that was allegedly excluded.

WHEREFORE, Defendant, KYLE BRADSHAW, respectfully requests this Court enter an Order denying Plaintiffs' Partial Motion for Relief from Judgment, and awarding any further relief this Court deems just and proper.

Respectfully submitted,

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendant Bradshaw

***/s/ Lyman H. Reynolds, Jr.***
**LYMAN H. REYNOLDS, JR.**
Florida Bar No: 380687

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by CM/ECF

<u>OR</u> e-service to all parties on the attached Counsel List this 31st day of March, 2017.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: <u>service_LHR@rrbpa.com</u>
Email: <u>lreynolds@rrbpa.com</u>
Attorneys for Defendant Bradshaw

***/s/ Lyman H. Reynolds, Jr.***
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

## COUNSEL LIST

TAMMY RAY PAGE, ESQ.
Page Law, P.A.
13410 Parker Commons Blvd., Ste. 101
Ft. Myers, FL 33912
Co-Counsel for Plaintiffs
PHONE: 941-444-9507
FAX: 941-761-5625
E-SERVICE: ecf@pagelawpa.com
            trp@pagelawpa.com
FBN:  106563

STEPHEN P. NORMAN, ESQ.
The Norman Law Firm
30838 Vines Creek Rd., Unit 3
Dagsboro, DE 19939
Co-Counsel for Plaintiffs
PHONE: 302-537-3788
FAX: 302-258-0705
E-SRVC: snorman@thenormanlawfirm.com
            ejansen@thenormanlawfirm.com

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, Florida  33409
Counsel for Defendant Bradshaw
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
            bsmith@rrbpa.com
FBN: 380687