UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Aleksandar Stepanovich,
Monica Mozolicova, and
Ivana Kavaja,                                              No. 2:14cv270-PAM-MRM

           Plaintiffs,

v.                                                         **MEMORANDUM AND ORDER**

Kyle Bradshaw,

           Defendant.

---

This matter is before the Court on Plaintiffs' Motion for Reconsideration. For the following reasons, the Motion is denied.

**BACKGROUND**

On January 6, 2017, the Court granted former Defendant City of Naples's (the "City") motion to dismiss and terminated it as a party in this matter. (Mem. & Order (Docket No. 265) at 14-15.) In particular, the Order found that Plaintiffs' § 1983 claims regarding the City's booking report and use-of-force reporting policies failed because Plaintiffs did not plausibly allege that these policies caused the alleged violations of Plaintiffs' constitutional rights. (Id. at 6-7.) Following the City's dismissal, Plaintiffs proceeded to trial against Defendant Kyle Bradshaw only.

On the first day of trial, Plaintiffs filed this Motion for Reconsideration arguing that newly discovered evidence provides a basis to reverse the Court's previous Order dismissing the § 1983 claims against the City and terminating it as a party. This newly

discovered evidence consists of information provided to Plaintiffs' counsel by two former Naples police officers, Charles Ankenbauer and Scott Stamets.

Ankenbauer provided a letter that he purportedly had written to his supervisors shortly before the incident that gave rise to this lawsuit. (Ankenbauer Aff. (Docket No. 329-3) Ex. A.) In the letter, Ankenbauer expresses his concern about the work environment in the Naples Police Department and the "intense need" to produce paperwork, tickets, and arrests. (Id.) In Ankenbauer's opinion, this environment resulted in "illegal searches, seizures, and detainment," with more than 90% of the alleged wrongdoing coming from Sergeant Herman's midnight shift, of which Defendant Bradshaw was a member. (Id.) Ankenbauer further wrote that supervisors "encouraged and pressured" this type of conduct and "the Chief has created this environment." (Id.)

Stamets provided an affidavit stating that Naples police officers were "constantly pressured to produce statistics in the way of arrests, field interviews and citations." (Stamets Aff. (Docket No. 329-2) ¶ 4.) Supervisors also emphasized increasing the number of arrests, field interviews, traffic stops, and citations when reviewing officers' monthly activity reports. (Id.) One supervisor in particular directed Stamets to "'stop a car based on your gut feeling and let them go if you don't find anything.'" (Id. ¶ 5.) Ankenbauer also told Stamets that Defendant Bradshaw and the other officers on his shift told him that they performed illegal stops and searches to produce numbers and keep their supervisors "off their case." (Id. ¶ 6.)

Plaintiffs argue that this newly discovered evidence demonstrates a widespread practice within the Naples Police Department of engaging in illegal searches and seizures

and that this "insatiable thirst for statistics" caused officers to escalate the incident at Plaintiffs' home into an illegal search. (Pls.' Mot. (Docket No. 329) at 9.) Plaintiffs request that the Court reconsider its previous Order, allow leave for Plaintiffs to amend their complaint, and reopen discovery.

**DISCUSSION**

Reconsideration of a Court's previous order is an extraordinary remedy and is therefore a power to be used sparingly. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)); Tucker v. Commonwealth Land Title Ins. Co., 800 F.2d 1054, 1056 (11th Cir. 1986). There are three grounds that justify granting such relief: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Offices Togolais des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999) (collecting cases).

For a court to grant a motion for reconsideration based on newly discovered evidence the movant must establish five elements: (1) the evidence must have been discovered after the court's order; (2) the movant must show due diligence to discover the new evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence would probably produce a different result if the court reconsidered its previous order. See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc., 747 F.3d 1262, 1274 (11th Cir. 2014). Even assuming Plaintiffs can establish the first four elements, Plaintiffs cannot establish that Ankenbauer's letter and Stamets's affidavit would produce

3

a different result if the Court reconsidered its previous Order dismissing Plaintiffs' § 1983 claims against the City.

For the Court to change its ruling in the previous Order, Plaintiffs would need to be able to plausibly allege that (1) their constitutional rights were violated; (2) the City had a custom or policy that constituted deliberate indifference to those constitutional rights; and (3) the policy or custom caused the violations. <u>T.W. ex rel. Wilson v. Sch. Bd. of Seminole Cnty., Fla.</u>, 610 F.3d 588, 603 (11th Cir. 2010). Plaintiffs' claims against the City were predicated on Bradshaw's alleged constitutional violations. But a jury determined that Bradshaw did not violate Plaintiffs' constitutional rights. (Docket Nos. 357, 358, 359.) Now that a jury has made that determination, Plaintiffs cannot plausibly allege that their constitutional rights were violated, that the City had a custom or policy that constituted deliberate indifference to those constitutional rights, or that the City's policy or custom caused the unfounded violations. Plaintiffs therefore cannot establish that their newly discovered evidence would probably produce a different result if the Court reconsidered its previous Order.

**CONCLUSION**

Plaintiffs cannot establish that their newly discovered evidence would probably produce a different result if the Court reconsidered its Order dismissing Plaintiffs' § 1983 claims against the City. Accordingly, **IT IS HEREBY ORDERED that** Plaintiffs' Motion for Reconsideration (Docket No. 329) is **DENIED**.

Dated:   4/17/17                                         *s/ Paul A. Magnuson*
                                                         Paul A. Magnuson
                                                         United States District Court Judge