UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Aleksandar Stepanovich,　　　　　　　　　　　　　Civ. No. 2:14-270-FtM-PAM-MRM
Monika Mozolicova, and
Ivana Kavaja,

　　　　　　　Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**

Officer Kyle Bradshaw,

　　　　　　　Defendant.
_____

　　　This matter is before the Court on Defendant Kyle Bradshaw's renewed Motion to Tax Costs. Plaintiffs objected to the initial motion for costs, but did not file any response to the renewed Motion. Bradshaw's renewed Motion does not address any of Plaintiffs' objections, but is instead substantively identical to the original Motion.

**A.　　Standard of Review**

　　　Rule 54(d) provides that costs other than attorney's fees are allowed "as of course" to the prevailing party "unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d). In pertinent part, the statute specifies the costs that are allowed:

　　　(1)　　Fees of the clerk and marshal;

　　　(2)　　Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

　　　(3)　　Fees and disbursements for printing and witnesses;

　　　(4)　　Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; [and]

>    (5)    Docket fees under section 1923 . . . .

28 U.S.C. § 1920.  "[A] court may only tax costs as authorized by statute." E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

**B.    Taxable Costs**

Bradshaw seeks costs of $7,814.43, plus post-judgment interest. Plaintiffs objected to two of the categories of reimbursement: subpoena fees for document custodians, and Bradshaw's failure to sufficiently document his request for nearly $1,400 in copying costs.

    **1.    Witness costs**

Bradshaw seeks reimbursement for subpoena fees for no fewer than 13 records custodians, amounting to $585 of the total $1,410 he requests for witness subpoena fees. (Docket No. 387-2.) He also asks for costs of $1,008.56 for these records custodians' trial witness fees. (Docket No. 387-4.) Plaintiffs argue that these fees should not be included in any cost judgment, because Plaintiffs would have stipulated to the authenticity of the documents each custodian was responsible for presenting, but Bradshaw did not seek any stipulation in that regard. Thus, Plaintiffs contend, these witnesses were unnecessary.

Bradshaw contends that the costs for these witnesses is taxable because § 1920(3) does not limit taxable witness costs to those necessary for the case. But merely because the statute contains no limiting language does not mean that the Court need not determine for itself whether certain costs should fairly be taxed against an unsuccessful litigant.

Here, the costs sought are a significant portion of the witness costs Bradshaw incurred. He could have avoided incurring these costs if he had merely made a phone call to Plaintiffs' counsel. The Court finds that the costs for these witnesses are not taxable under the specific facts presented here.

### 2. Copying costs

In Exhibit E, Bradshaw lists copying costs of $44 for Collier County records and $1,355.50 for "Photo Copies of depositions [sic] transcripts, discovery documents, photographs and trial exhibits." (Docket No. 387-5.) There is no further explanation of the final category of copying costs.

Bradshaw has failed to establish that this final category of copying costs was "necessarily obtained for use in the case." He has already claimed the cost of deposition transcripts as a taxable cost and Plaintiffs did not object to that cost. Bradshaw offers no explanation why additional copies of those depositions were necessary. Nor does he explain whether the copying of "discovery documents" was accomplished during discovery, or for trial purposes, or for some other reason. Absent any explanation regarding this final category of copies, the Court will disallow $1,355.50 of Bradshaw's requested copying costs. He is therefore entitled to reimbursement for $44 in copying costs.

### C. Post-Judgment Interest

"[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." BankAtlantic v. Blythe Eastman Paine

3

Webber, Inc., 12 F.3d 1045, 1052 (11th Cir. 1994).  Thus, this cost judgment includes post-judgment interest at the applicable post-judgment rate.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** the renewed Motion (Docket No. 387) is **GRANTED in part** and **DENIED in part** and Bradshaw is entitled to recover costs of $4,865.37, plus post-judgment interest calculated from February 21, 2017.

Date:  May 24, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge